**Abatement Order filed June 14, 2016**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-15-00806-CR
_____

**JARVIS L. BARBER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from County Criminal Court at Law No. 7
Harris County, Texas
Trial Court Cause No. 2008621**

## ABATEMENT ORDER

Appellant is represented by retained counsel, **Frederick Wilson**. No reporter's record has been filed in this case. On January 20, 2016, Kara Salazar, the court reporter, notified this court that appellant had not made arrangements to pay for the reporter's record. On February 9, 2016, this court abated the appeal and ordered the trial court to determine whether appellant desired to prosecute his appeal and, if so, whether he is indigent and entitled to a free record and appointed counsel. The trial court held a hearing on February 24, 2016, in which it confirmed appellant

is not indigent and has retained Wilson as appellate counsel. At that hearing, appellant, through Wilson, agreed to contact the court reporter and make arrangements to pay for the reporter's record.

On February 25, 2016, Salazar again notified this court that appellant had not made arrangements to pay for the reporter's record. That day, this court notified appellant that we would consider and decide those issues that do not require a reporter's record unless appellant, within 15 days of notice, provided this court with proof of payment for the record. *See* Tex. R. App. P. 37.3(c). Appellant filed no reply. On April 12, 2016, the court reporter informed this court that appellant has still not made arrangements to pay for the reporter's record. On April 19, 2016, we ordered Wilson to file a brief in this appeal by May 19, 2016. No brief or motion for extension of time to file the brief was filed. Counsel was notified on May 20, 2016, that no brief had been received. The court has not received a response to that notice.

Accordingly, the court **ORDERS** as follows:

Pursuant to Tex. R. App. P. 38.8(b) (a copy of which is attached) the judge of County Criminal Court at Law No. 7 shall (1) immediately conduct a hearing, at which appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine (a) whether appellant desires to prosecute his appeal; (b) whether appellant is indigent; (c) if not indigent, whether appellant has abandoned the appeal or whether appellant has failed to make necessary arrangements for filing a brief; (d) the reason for the failure to file a brief; (e) if appellant desires to continue the appeal, a date certain when appellant's brief will be filed; and (2) prepare a record, in the form of a reporter's record, of the hearing. If appellant is indigent, the judge shall take such measures as may be necessary to assure effective representation of counsel, which may include the

appointment of new counsel. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing the findings and conclusions. Those records shall be filed with the clerk of this court on or before **July 14, 2016.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

# RULE 38. REQUISITES OF BRIEFS

## Tex. R. App. P. 38.8. Failure of Appellant to File Brief.

(b) *Criminal Cases*.

(1) Effect. An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2) Notice. If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact. If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing. In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record—including any order and findings—must be sent to the appellate court.

(4) Appellate Court Action. Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel. If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.